IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00813-CNS-TPO

MICHAEL DAVID PRICE,

     Plaintiff,

v.

UNITED AIRLINES, INC.,
LYSSA LATU,
PAULA REPPAS,
DAVID BAUDIER,
ANASTASIA HOSACK,
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
BRIAN BRYANT,
MIKE KLEMM, and
WILLIAM STEF,

     Defendants.

---

## RECOMMENDATION

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before the Court upon Defendants International Association of Machinists and Aerospace Workers's, Brian Bryant's, Mike Klemm's, and William Stef's (Union Defendants') Motion to Dismiss [ECF 41] and Defendants United Airlines, Inc.'s, Lyssa Latu's, Paula Reppas's, David Baudier's, and Anastasia Hosack's (United Defendants') Motion to Dismiss [ECF 43]. Both Motions were referred to this Court by U.S. District Judge Charlotte N. Sweeney [ECFs 42 and 44] for recommendation and are now fully briefed.[1] The Court finds that

---

[1] The briefing on the Union Defendants' Motion consists of the Motion [ECF 41], Plaintiff's Response [ECF 62], and Union Defendants' Reply [ECF 67]. The briefing on the United Defendants' Motion consists of the Motion [ECF 43], Plaintiff's Response [ECF 63], and United Defendants' Reply [ECF 68].

1

oral argument will not materially assist in issuing this Recommendation. After reviewing the briefing, the record, and the relevant case law, the Court recommends that Defendants' Motions be **granted** and all Plaintiff's claims be **dismissed**.

Also before the Court is the United Defendants' Motion for Sanctions [ECF 49], which District Judge Sweeney referred to this Court [ECF 50]. It also is now fully briefed.[2] No oral argument is necessary. This Court respectfully **denies** Defendants' Motion **without prejudice**.

## FACTUAL BACKGROUND[3]

On August 24, 2024, Plaintiff, a "non-probationary employee" of United Airlines, Inc. (United) attempted to enter the United Club at Denver International Airport. ECF 3-2 ¶¶ 1, 3. He first was met by Jane Doe, a customer service representative for United, who asked "if Plaintiff was an employee of United Airlines." *Id.* ¶ 2. Plaintiff confirmed his employment and asked to speak to a supervisor. *Id.* ¶ 3. Plaintiff next spoke with Jane Doe 2, a "Lead Customer Service Representative," and then Defendant Hosack, both employees of United. *Id*. ¶¶ 4, 6. Each time Plaintiff was asked if he was a United employee, and he, in turn, identified himself as a "non-probationary employee of United Airlines." *Id.* ¶¶ 4-7. Defendant Hosack "started asking Plaintiff additional questions and did not notify Plaintiff of his right to have a Union Representative present." *Id.* ¶ 8.

---

[2] The briefing consists of the Motion [ECF 49], Plaintiff's Response [ECF 64], and Defendants' Reply [ECF 69].

[3] The Court takes the facts listed in this section from the well-pled facts found in Plaintiff's First Amended Complaint (FAC) and presumes they are true for the purposes of this Recommendation. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

Following the August 25th incident, Plaintiff alleges some irregularities with his employment. Plaintiff placed a bid and was awarded a certain work schedule. *Id.* ¶ 57. Then in February of 2025, Defendants United, Reppas and Latu "unilaterally changed" the pre-planned work schedule. *Id.* ¶ 58.

Then, in mid-January 2025, Defendant United began the process of terminating Plaintiff's employment.[4] On January 16, 2025, Defendants United and Latu provided Plaintiff with a "charge sheet recommending terminating Plaintiff's employment with United Airlines." *Id.* ¶ 53. On February 1, 2025, Defendants United, Reppas, and Latu presented Plaintiff with information that will be used as evidence to support termination. *Id.* ¶ 54. On March 10, 2025, Plaintiff received notice of an "Investigative Review Hearing." *Id.* ¶ 55.

## PROCEDURAL BACKGROUND

On March 12, 2025, Plaintiff initiated the present lawsuit by filing an Emergency Complaint. ECF 1. The next day, on March 13, 2025, Plaintiff filed an Amended Complaint [ECF 3], the current operative pleading. In it, Plaintiff asserts that the Court has jurisdiction as his claims arise under the Railroad Labor Act (RLA), 45 U.S.C. § 151, et seq. ECF 3 at 3. He brings ten claims against nine total Defendants, including his employer, United Airlines, Inc., and his union, International Association of Machinists and Aerospace Workers, as well as seven individuals. *Id.* at 2; ECF 3-1 at 1. Against the Union Defendants, Plaintiff brings three claims[5] for their failure to file grievances. ECF 3-2 ¶¶ 60-78. Against the United Defendants, Plaintiff brings six claims for

---

[4] Plaintiff also alleges that Defendants United and Latu "revoked Plaintiff's access" to a work email address for less than a week. ECF 3-2 ¶¶ 49-50.

[5] Claim Nine, a claim entitled "Failure to file a grievance," is actually a claim against Defendants United and Latu for their alleged failure to provide information prior to the Investigative Review Hearing on March 13, 2025. ECF 3-2 ¶¶ 66-73. As a result, this Court will address that claim as part of the analysis of the United Defendants' Motion to Dismiss.

their: failure to notify Plaintiff of his right to have a union representative present during an investigation, failure to provide a shop steward during an investigation, and unauthorized revision to Plaintiff's work schedule. *Id.* ¶¶ 1-59.

On April 4, 2025, Plaintiff filed a Motion for Leave to File an Emergency Second Amended Complaint and Temporary Restraining Order. ECF 28. Plaintiff also filed a separate Motion for Temporary Restraining Order. ECF 30.

On April 7, 2025, Judge Sweeney summarily denied Plaintiff's Motion for Temporary Restraining Order. ECF 31. In doing so, Judge Sweeney noted Plaintiff's failure to address the relevant factors and Plaintiff's ability to seek money damages as redress. *Id.*

On May 19, 2025, the Union Defendants moved to dismiss all claims against them from Plaintiff's FAC. ECF 41. Their primary basis for dismissal is that Plaintiff fails to plausibly allege three of the four claims Plaintiff brings against them. *Id.* at 8-12. They also note Plaintiff's failure to specify any demand for relief. *Id.* at 12-13.

Plaintiff responded but provided no substantive analysis in support, merely arguing that "these Union officers were negligent in respect to the carrying out of their duties, were dully [sic] informed of their duties and they did not perform their duties." ECF 62. Plaintiff asks for his claims to go before a jury. *Id.* at 1-2.

On May 26, 2025, the United Defendants moved to dismiss the seven claims against them from Plaintiff's FAC. ECF 43. In their Motion, they raise two principal arguments. First, they argue that Plaintiff's claims against them are preempted by "the carrier's internal dispute resolution process and an adjustment board established by the employer and the union[]." *Id.* at 4-5 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). As a result, this Court lacks subject

matter jurisdiction over such claims. Id. at 7. Second, Defendants assert that Plaintiff's FAC fails to state a claim against them. *Id.* at 8-12.

Plaintiff responded, but again without much support. ECF 63. Plaintiff points to potential prejudice that may flow from dismissal. *Id*. at 1. Plaintiff also argues that since his claims were subjected to "an initial review by the Court and this action was found not to be frivolous or malicious," his claims should be allowed to proceed. *Id.* at 2.

On June 5, 2025, the United Defendants filed a Motion for Sanctions, seeking sanctions against Plaintiff for filing meritless claims and his "vexatious and harassing" conduct. ECF 49 at 4. Plaintiff responds, noting that the communications referenced by defense counsel were taken out of context and that he "has numerous medical conditions to include a traumatic brain injury (moderate to severe)" which have impacted his actions. ECF 64 at 1-2.

## ANALYSIS

*Union Defendants' Motion to Dismiss [ECF 41]*

As Plaintiff's union, Defendant International Association of Machinists and Aerospace Workers acted as his "sole and exclusive bargaining representative." *Webb v. ABF Freight System, Inc*., 155 F.3d 1230, 1239 (10th Cir. 1998) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983)). They had a duty to represent Plaintiff and his fellow members fairly in its dealings with his employer. *Id.* A claim arises from a union's failure to fairly represent a union

5

member when the union "acts in a discriminatory,[6] dishonest,[7] arbitrary,[8] or perfunctory fashion."[9] *Id.* (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 864 n.6 (1987)) (internal quotations omitted).

However, a union does not violate its duty of fair representation "by mere negligent conduct; carelessness or honest mistakes are not sufficient to impose liability on a union." *Id.* at 1240 (citing *United Steelworkers v. Rawson*, 495 U.S. 362, 372-73 (1990)). Plaintiff must establish "more than a sheer possibility" that the union's conduct was arbitrary, discriminatory, or in bad faith. *Carter v. Transport Workers Union of America Local 556*, 353 F.Supp.3d 556, 579 (N.D. Tex. Feb. 1, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Bare assertions of the state of mind required for the claim . . . must be supported with subsidiary facts." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 680-83)). "The union must provide some minimal investigation of employee grievances, but the thoroughness of this investigation depends on the particular case, and only an egregious disregard for union members' rights constitutes a breach of the union's duty." *Id.* (quoting *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995)).

---

[6] "A union's discriminatory conduct violates its duty of fair representation if it is 'invidious.'" *Aguinaga v. United Food and Com.Workers Int'l. Union*, 993 F.2d 1463, 1470 (10th Cir. 1993) (quoting *Air Line Pilots Ass'n., Int'l. v. O'Neill*, 499 U.S. 65, 81 (1991)).

[7] Dishonest conduct has also been labeled as "bad faith," which requires a showing of "fraud, or deceitful or dishonest action." *Id.* (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 531 (10th Cir. 1992)).

[8] "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* (quoting *O'Neill*, 499 U.S. at 67 (internal quotations omitted)).

[9] "Perfunctory" has been explained to mean that "the union acted without concern or solicitude, or gave a claim only cursory attention." *Webb*, 155 F.3d 1230, 1240 (10th Cir. 1998) (quoting *Beavers v. United Paperworkers Int'l Union, Local 1741*, 72 F.3d 97, 100 (8th Cir. 1995)) (internal quotations omitted).

In this case, even accepting the FAC's well-pled facts as true, Plaintiff fails to state plausible claims against the Union Defendants. Plaintiff makes no attempt to demonstrate discriminatory or dishonest conduct by the union. Instead, viewing the facts in a light most favorable to Plaintiff, he alleges that the union refused to file grievances when he requested them to do so. ECF 3-2 ¶ 61-62; 64-65; and 77-78. However, a union's failure to pursue a grievance, just because Plaintiff asks, is not a sufficient basis to state a claim. *See Yeftich*, 722 F.3d at 916 ("declining to pursue a grievance as far as a union member might like isn't by itself a violation of the duty of fair representation."); *see also Hoover v. U.S. Aircrew Officers Ass'n.*, No. 18 C 6601, 2019 WL 3554282, at *8 (N.D. Ill. Aug. 5, 2019).

To the extent that Plaintiff implies that the union's conduct was arbitrary or perfunctory, Plaintiff has not alleged a sufficient factual basis to support such an allegation. *Jara v. Standard Parking*, 701 F. App'x 733, 737 (10th Cir. 2017) (affirming dismissal for plaintiff's failure to allege sufficient facts to demonstrate the union acted in a discriminatory, dishonest, arbitrary, or perfunctory manner). To constitute arbitrary activity, the union's behavior would have to be "so far outside a 'wide range of reasonableness' as to be irrational." *Aguinaga*, 993 F.2d at 1470 (citing *O'Neill*, 499 U.S. at 67). Plaintiff's allegations amount to a mere possibility of actionable conduct and fail to rise to the level of plausibility.

Finally, Plaintiff's claims against individual Defendants Bryant, Klemm, and Stef are improper as a matter of law. "Generally, a union's agent may not be held individually liable for actions taken on behalf of the union." *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962)). Plaintiff provides no basis for the liability of the three individual Union Defendants and fails to even address this prohibition in his Response. Because Defendants Bryant, Klemm, and Stef are improper parties,

7

dismissal should be with prejudice because granting leave to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 1006).

For the reasons stated above, this Court recommends that the Union Defendants' Motion to Dismiss [ECF 41] be granted.

*United Defendants' Motion to Dismiss [ECF 43]*

"Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines*, 512 U.S. at 252 (citing *Atchison, T. & S.F.R. Co. v. Buell*, 480 U.S. 557, 562 (1987)). "To realize this goal, the RLA establishes a mandatory arbitral mechanism for 'the prompt and orderly settlement of two classes of disputes.'" *Id.* (citing 45 U.S.C. § 151a). The first class of disputes, designated as "major disputes," concern "rates of pay, rules or working conditions" and "relate to 'the formation of collective [bargaining] agreements or efforts to secure them.'" *Id.* (quoting *Consolidated Rail Corporation (Conrail) v. Railway Labor Executives' Assn.*, 491 U.S. 299, 302 (1989)). "The second class of disputes, known as 'minor disputes,' gro[w] out of grievances[10] or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." *Id.* at 252-53 (citing 45 U.S.C. § 151a) (quotations omitted) (alteration in original). "Minor disputes involve 'controversies over the meaning of an existing collective bargaining agreement in a particular fact situation.'" *Id.* at 253 (quoting *Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 33 (1957)). In summary, "major disputes seek to create contractual rights,

---

[10] The term "grievances" is another way to describe "disputes involving the application or interpretation of a [Collective Bargaining Agreement (CBA)]." *Hawaiian Airlines*, 512 U.S. at 256 (citing Webster's Third New International Dictionary 1585 (1986)). These disputes are typically "grounded in the CBA." *Id*.

minor disputes to enforce them." *Id.* at 253 (quoting *Conrail*, 491 U.S. at 302; citing *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945)).

"[T]he default position for courts is to deem a dispute as minor if it even remotely touches on the terms of the relevant [CBA], and a party invoking the exclusive jurisdiction of the board of adjustment bears a 'relatively light burden.'" *Cooper v. TWU/IAM Ass'n*, No. 24-cv-0409-CVE-MTS, 2025 WL 1919822, at *3 (N.D. Okla. July 11, 2025) (quoting *Brotherhood of Maintenance of Way Employees Div. v. Burlington Northern Santa Fe Ry. Co.*, 596 F.3d 1217, 1223 (10th Cir. 2010)). If a dispute is deemed to be a "minor dispute," then "the RLA preempts any state law claims and the employee must use the grievance and arbitration procedure provided by employer to resolve the dispute." *Id.* at *3 (citing *Andrews v. Louisville & N.R. Co.*, 406 U.S. 320, 324 (1972)).

This Court agrees with the United Defendants that all the claims against them can be classified as "minor disputes." In the seven claims against the United Defendants, Plaintiff alleges that they breached the CBA in existence at the time Plaintiff was employed by them. *See* ECF 3-2 ¶¶ 1-59; 66-73. These all require CBA interpretation and are classic "minor disputes." *See Consol. Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 305 (1989) ("minor disputes" are those that "may be conclusively resolved by interpreting the existing [collective bargaining] agreement."); *Nelson v. Holmes Freight Lines, Inc.*, 37 F.3d 591, 595 (10th Cir. 1994); *Davies v. American Airlines, Inc.*, 971 F.2d 463, 468 (10th Cir. 1992); *Cooper*, 2025 WL 1919822, at *3; *Fell v. Continental Airlines, Inc.*, 990 F. Supp. 1265, 1268 (D. Colo. 1998) (citing *Consol.Rail Corp.*, 491 U.S. at 305). None of Plaintiff's claims relate to the formation of the CBA or the efforts to secure a CBA. As "minor disputes," Plaintiff's claims are all subject to the mandatory arbitration

9

provisions provided in the CBA and this Court would lack subject matter jurisdiction to address them in federal court. *Fell*, 990 F. Supp. at 1268 (citing *Andrews*, 406 U.S. at 322-23).

Plaintiff presents no real argument to the contrary. ECF 63. He labels this Court as the "final arbiter for this action," *id.* at 1, but he provides no support for such a conclusion. He also argues that since the FAC was subjected to an "initial review" by the Court, *see* ECF 5, the FAC properly states a claim. ECF 63 at 2. However, just because a complaint passes muster under Fed. R. Civ. P. 8, does not mean that the complaint provides plausible claims for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (describing Rule 8(a)(2)'s "threshold requirement"); *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

As a result, this Court finds that Plaintiff's claims are "minor disputes" and fall under the CBA that existed between he and his employer, which requires that Plaintiff "use the grievance and arbitration procedure provided by the employer." *Cooper*, 2025 WL 1919822, at 3. This means that this Court lacks subject matter jurisdiction to resolve Plaintiff's claims against the United Defendants. For that reason, this Court recommends that the United Defendants' Motion to Dismiss be granted.[11] Because this Court recommends dismissal for lack of subject matter jurisdiction, dismissal must be without prejudice. *Brereton*, 434 F.3d at 1216 (citations omitted).

*United Defendants' Motion for Sanctions [ECF 49]*

The United Defendants seek sanctions against Plaintiff under Fed. R. Civ. P. 11. ECF 49. They argue first that "Plaintiff's lawsuit is entirely without merit." *Id.* at 1. And second, they note

---

[11] Based on this Court's findings that it lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it need not address the United Defendants' remaining arguments to dismiss under Fed. R. Civ. P. 12(b)(6). *See* ECF 43 at 8-12.

10

that Plaintiff's conduct has been "vexatious, harassing, and—by Plaintiff's own admission—calculated to needlessly increase the United Defendants' legal fees to extort an extravagant settlement." *Id.* at 1-2. They highlight Plaintiff's behavior in demanding exorbitant sums of money to dismiss the case, *id.* at 10-11, his statements of intent to use social media as part of the litigation, *id.* at 11-12, and his vulgar language used in voicemails to defense counsel, often demonstrating Plaintiff's intent to increase the costs of litigation unnecessarily, *id.* at 12-13.

The United Defendants concede that Rule 11 allows this Court to consider the party's pro se status in determining whether to impose sanctions. ECF 49 at 9 (citing Fed. R. Civ. P. 11 advisory committee's note to the 1983 amendment). However, they also note that pro se parties are not excluded from consideration for sanctionable conduct either. *Id.* (citing *Bus. Guides v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 534 (1991)).

Fed. R. Civ. P. 11(b) requires that *representations to the court* be appropriate. This Rule applies to attorneys and unrepresented parties. *Id.* Specifically, pleadings, written motions, or other papers:

1)  Are not to be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;"

2)  Should "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;"

3)  Either have evidentiary support or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and

4)  Constituting denials also are warranted on evidence or are "reasonably based on belief or a lack of information.

The party seeking sanctions must serve notice upon the alleged, violating party at least 21 days prior to the filing of any motion. Fed. R. Civ. P. 11(c)(2). This allows the alleged, violating party to withdraw or correct the challenged representation. *Id.*

11

The Court first finds that the United Defendants have complied with the service requirement by sending notice of the present motion to Plaintiff by mail and email in advance of filing. *See* ECF 49-3. The Tenth Circuit has required strict compliance with this provision. *See Halvorsen v. Cox*, No. 2:25-cv-00909-HCN-JCB, 2026 WL 185752, at *2 (D. Utah Jan. 23, 2026) (citing *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012)) (finding abuse of discretion from granting Rule 11 sanctions if the defendant did not comply with the safe-harbor provision).

Nonetheless, this Court denies Defendants' Motion without prejudice. First, Plaintiff is a pro se litigant who has claimed to have "numerous medical conditions to include traumatic brain injury."[12] ECF 64 at 2. Second, as to Defendants' argument that Plaintiff has filed meritless claims, "[c]iting a party's pro se status, courts have declined to award sanctions even where the party's arguments have been meritless or frivolous." *Amboh v. Clemente*, No. 2:25-cv-00159-HCN-JCB, 2026 WL 242579, at *3 (D. Utah Jan. 29, 2026) (citing *Vidal v. AHC Aurora, LLC*, No. 1:17-CV-00746-SKC, 2018 WL 10947922, at *2 (D. Colo. Nov. 19, 2018); *Banks v. Opat*, No. 5:15-CV-03093-HLT-KGS, 2018 WL 11678279, at *2 (D. Kan. Nov. 16, 2018)).

Furthermore, the United Defendants do not allege a pattern of conduct extending beyond this case or occurring over a long period of time. In fact, although the Court invited them to do so, the Court notes that the United Defendants have not updated their motion to allege additional misconduct since the Motion was filed in June of 2025.[13] "Courts are typically inclined to sanction

---

[12] Plaintiff also described medical issues during the Status Conference held on June 18, 2025. ECF 59 ("Plaintiff advises the Court of medical difficulties that have been hindering his ability to prepare pleadings and confer with defense counsel effectively.").

[13] This Court invited the United Defendants to supplement the Motion should Plaintiff's alleged sanctionable behavior continue. *See* ECF 69 at 1.

pro se litigants under Rule 11 only when the litigant has been repeatedly warned that his or her legal theories are meritless or his or her improper purpose is clear from the record." *Rasmussen v. Burnett*, No. 24-cv-01727-SKC-KAS, 2025 WL 808364, at *3 (D. Colo. Mar. 12, 2025) (gathering cases). While the United Defendants have provided the Court with statements made by Plaintiff suggesting an improper purpose, Plaintiff appears to have heeded this Court's prior admonishments. *See* ECF 59 at 2 (Minute Entry for June 18, 2025 Status Conference, referencing discussion held on proper communications with opposing counsel). The Court thus declines to impose sanctions on this basis because improper intent has not been demonstrated in the record after Plaintiff was warned about sanctionable conduct.

Finally, as it relates to Plaintiff's communications with defense counsel, they are clearly inappropriate. However, none of the threatened actions described in the communications has been borne out in the litigation. Other than Plaintiff's FAC, which this Court recommends be dismissed, the United Defendants have not identified any frivolous filings that would justify sanctions. The Court observes that Plaintiff has responded appropriately to all pending motions and has not filed any additional, frivolous documents.

As a result, for the reasons stated above, the United Defendants' Motion for Sanctions is denied without prejudice. Should the United Defendants believe that Plaintiff has engaged in additional, sanctionable conduct going forward, the Court will consider a later Rule 11 Motion.

<u>**CONCLUSION**</u>

For the reasons set forth above, this Court recommends that Defendants International Association of Machinists and Aerospace Workers's, Brian Bryant's, Mike Klemm's, and William Stef's (Union Defendants') Motion to Dismiss [ECF 41] and Defendants United Airlines, Inc.'s, Lyssa Latu's, Paula Reppas's, David Baudier's, and Anastasia Hosack's (United Defendants')

Motion to Dismiss [ECF 43] be **GRANTED**. Specifically, the Court respectfully
**RECOMMENDS** that:[14]

1) the Union Defendants' Motion [ECF 41] be **GRANTED**, and

    a.  all claims against Defendant International Association of Machinists and Aerospace Workers be **dismissed without prejudice**, and

    b.  all claims against the individual Union Defendants (Brian Bryant, Mike Klemm, and William Stef) be **dismissed with prejudice**;

2) the United Defendants' Motion to Dismiss [ECF 43] be **GRANTED**, and all claims against the United Defendants (United Airlines, Inc., Lyssa Latu, Paula Reppas, David Baudier, and Anastasia Hosack) be **dismissed without prejudice**;

3) the United Defendants' Motion for Sanctions [ECF 49] be **DENIED without prejudice.**

DATED at Denver, Colorado, this 17th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

---

[14] All parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).